### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHARDAY BROWN,** *Plaintiff,* v. **PA STATE TROOPER KYLE FREY, TROOP J, et al.,** *Defendants.* | **CIVIL ACTION** **NO. 23-4268** |

### MEMORANDUM

**Baylson, J.**                                                                                                           **February 10, 2025**

In this § 1983 action, Plaintiff Sharday Brown ("Plaintiff") alleges that Defendant Kyle Frey ("Trooper Frey") violated her constitutional rights by allegedly using excessive force at the end of a high-speed police pursuit. Because there is a dispute as to whether Trooper Frey struck Plaintiff, the car's driver, in the head four or five times while she lay unconscious, and that fact forms the basis for Plaintiff's claim, summary judgment is not appropriate.

For the following reasons, Defendants' Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**. The Court will **GRANT** summary judgment as to Counts II, III, and IV. The Court will also **GRANT** summary judgment as to Count I's claim of excessive force in violation of the Fourteenth Amendment. Summary judgment will be **DENIED** as to Count I's claim of excessive force in violation of the Fourth Amendment against Trooper Kyle Frey.

## I. FACTUAL BACKGROUND[1]

On February 6, 2022, Trooper Mao Ye pulled over Plaintiff's vehicle for traffic violations. ECF 29 at ¶ 1. Plaintiff had a passenger in the vehicle, Keyon Hernandez. ECF 29-2 at ¶ 3. Trooper Ye asked Plaintiff for her license, registration, and insurance. Id.; Ye Dash Cam (ECF 29, Ex. 10) at 5:17–5:24. While standing outside the passenger's window of Plaintiff's car, Trooper Ye smelled a strong scent of burnt marijuana and observed suspected marijuana residue; Plaintiff admitted that she and Hernandez had smoked marijuana earlier that day. ECF 29, Ex. 10 at 12:47–12:51. Both Plaintiff and Hernandez refused Trooper Ye's order to step out of the vehicle, and Plaintiff refused consent to search her vehicle. Id. at 13:40–15:35.

Trooper Ye radioed to Trooper Frey for assistance, and immediately thereafter, Plaintiff sped away. Id. at 13:40–15:35. A high-speed pursuit ensued, in which Plaintiff drove recklessly at dangerous speeds. ECF 29 at ¶¶ 9–10; ECF 34 at ¶¶ 9–10. During the pursuit, troopers attempted multiple times to stop Plaintiff's vehicle. Troopers employed a Stinger Spike System which flattened one of Plaintiff's tires. ECF 29 at ¶ 11; ECF 34 at ¶ 11. Another trooper attempted to cut Plaintiff's vehicle off, but Plaintiff drove past the Trooper. ECF 29 at ¶ 12; ECF 34 at ¶ 12.

After approximately twelve minutes, Trooper Fry employed a Precision Immobilization Technique ("PIT") to stop Plaintiff's car, using the front right side of his vehicle to hit the rear of Plaintiff's vehicle on the driver's side. Frey Dash Cam (ECF 29, Ex. 11) at 6:36–6:47. Upon impact, Plaintiff's car smashed head-on into the concrete median in the center of the highway, causing the car to almost flip over. Id. at 6:36–6:47. Plaintiff's car bounced off the median onto the highway, and then slowly rolled back towards the median. Id. Plaintiff's car came to a

---

[1] In addition to the parties' statements of fact with citations, the Court also reviewed dash cam video footage from Troopers Ye, Fry, Frey, and Provence. See Scott v. Harris, 550 U.S. 372, 379–81 (2007) (where video is available, "the Court must view the facts in the light depicted by the video").

complete stop at an angle against the median, with the front, driver's side of the vehicle closest to the median without enough room to fully open the driver's door. ECF 29 at ¶ 16; ECF 34 at ¶ 16. Plaintiff was unbelted at the time of the accident and was rendered unconscious upon impact. ECF 29 at ¶¶ 15, 36; ECF 34 at ¶¶ 15, 31, 36.

After Plaintiff's car hit the median, Trooper Frey wedged his vehicle against the back right side of Plaintiff's car. ECF 29 at ¶ 17; ECF 34 at ¶ 17. Trooper Frey ran towards the driver's side while Trooper Gehman ran towards the passenger's side. Id. As he approached the driver's side window, Trooper Frey ordered Plaintiff out of the car, yelling out expletives. ECF 29, Ex. 11 at 6:50–7:00.

Video captured by Trooper Provence's dash cam, after review by the Court, is inconclusive. Provence Dash Cam (ECF 29, Ex. 12) at 10:22–10:32. The video is dark and grainy. The parties vigorously dispute what the video depicts. According to Defendants, after observing that Plaintiff's airbags were deployed and the driver's side window was rolled up, Trooper Frey used his baton to break the driver's side window to gain access to Plaintiff, who was unconscious. ECF 29 at ¶ 19; Frey Dep. Tr. (ECF 29-6) at 449:17–20, 450:6–13, 468:6–17. Plaintiff, however, asserts that the video is evidence that Trooper Frey repeatedly struck Plaintiff in the head. ECF 34 at ¶¶ 18–19.

The parties submit dueling deposition testimony to support their respective interpretations. Trooper Frey testified he did not strike Plaintiff, see Frey Dep. Tr. (ECF 29-6) at 102:18–22, and Troopers Fry, Gehman, and Provence all testified that they did not see Trooper Frey strike Plaintiff. Fry Dep. Tr. (ECF 29-4) at 52:20–22; Gehman Dep. Tr. (ECF 29-8) at 50:13–18; Provence Dep. Tr. (ECF 29-9) at 51:13–16. Conversely, Plaintiff's passenger, Keyon Hernandez, testified that he saw one of the troopers strike Plaintiff in the head with his gun. Hernandez Dep. Tr. (ECF 29-

3

5) at 40:6–41:7, 44:18–21, 45:24–46:20, 47:13–16, 58:23–59:2, 59:14–18. Plaintiff testified at her deposition that she has no recollection of Trooper Frey punching her, striking her, violently grabbing her, strangling her, shaking her or assaulting her. ECF 29 at ¶ 33; ECF 34 at ¶ 33.

The remainder of the parties' facts are immaterial in light of Plaintiff's apparent concessions that she is only seeking recovery for Trooper Frey's excessive force in allegedly striking Plaintiff in the head.[2] ECF 35 at 10, 12.

## II. PROCEDURAL HISTORY

On November 2, 2023, Plaintiff filed a Complaint against Pennsylvania State Troopers Kyle Frey, Kasey Gehman, John Provence, Katlynn Greenert, Craig Fry, and Corporal Emanuel Montalbano, alleging the following four causes of action under 42 U.S.C. § 1983:

1. **Count I**: Excessive force and the right to bodily integrity under the Fourth and Fourteenth Amendments, against Trooper Kyle Frey;

2. **Count II**: Excessive force and the right to bodily integrity under the Fourth and Fourteenth Amendments, against Trooper Kasey Gehman;

3. **Count III**: Excessive force and the right to bodily integrity under the Fourth and Fourteenth Amendments, against Troopers Frey, Gehman, and Provence; and

4. **Count IV**: Excessive force and the right to bodily integrity under the Fourth and Fourteenth Amendments; Conspiracy; and Failure to Intervene, against all Defendants.

On January 4, 2024, Defendants moved to dismiss the Complaint for failure to state a claim. ECF 14. On February 22, 2024, the parties stipulated—and the Court approved—that all claims against Defendants Greenert and Montalbano be dismissed with prejudice and the claim of

---

[2] While not entirely clear from Plaintiff's scattered response brief, the Court construes Plaintiff's statement that "Plaintiff concedes that removing Ms. Brown from her vehicle through the passenger side was not a violation of her rights under the circumstances" as limiting the issue for trial strictly to Trooper Frey's alleged conduct of striking Plaintiff in the head at the end of the pursuit, depicted at minutes 10:22–10:32 of Trooper Provence's dash cam.

4

conspiracy, pled in Count IV of the Complaint, be dismissed with prejudice. ECF 16. The Court denied the motion to dismiss as moot. ECF 17. Troopers Frey, Fry, Gehman, and Provence ("Defendants") then filed an Answer to the Complaint on March 1, 2024. ECF 18.

On November 18, 2024, Defendants filed a Motion for Summary Judgment on all Counts in the Complaint. ECF 30. Plaintiff filed a response on December 16, 2024, ECF 35 and Defendants replied on January 2, 2025. ECF 38. Defendants filed a supplemental reply, per this Court's order, responding to Plaintiff's statement of disputed facts on January 21, 2025. ECF 41.

### III. PARTY CONTENTIONS

#### A. **Defendants' Motion for Summary Judgment**

Defendants challenge Plaintiff's § 1983 claims on two grounds.

First, Defendants assert they are entitled to qualified immunity because (1) the force used by Trooper Fry to stop Plaintiff's vehicle and the force used by Troopers Frey, Gehman, and Provence to extricate Plaintiff from the vehicle and arrest Plaintiff were all reasonable under the Fourth Amendment,[3] and (2) "Defendants' actions, in removing Plaintiff from her vehicle after a high-speed car chase, were not a clearly established violation." ECF 30 at 5–12. Second, Defendants argue Plaintiff has not sufficiently alleged the personal involvement of any Defendant. Id. at 12–15.

#### B. **Plaintiff's Response**

Plaintiff's response concedes that (1) there is no cause of action against Troopers Provence, Gehman, and Fry, ECF 35 at 14, (2) that Count I's allegation of excessive force against Trooper Frey is properly analyzed under the Fourth Amendment, id. at 10, and (3) that Defendants' removal

---

[3] Defendants argue that Plaintiff's § 1983 claim for excessive force is properly analyzed under the Fourth Amendment, not the Fourteenth Amendment. Plaintiff concedes this point.

5

of Plaintiff from the vehicle was not a constitutional violation, id. at 12. Plaintiff, however, counters that she sufficiently alleges a § 1983 constitutional violation and Trooper Frey is not entitled to qualified immunity because his alleged striking of Plaintiff in the head was unreasonable. ECF 35 at 9–14.

### C. Defendants' Reply

In reply, Defendants argue that Plaintiff does not support her assertions of fact with record evidence, and in any event, does not make a sufficient showing of evidence on the excessive force claim. ECF 38 at 6–7.

## IV. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, the adverse party's response must, by "citing to particular parts of materials in the record," show that a fact is "genuinely disputed." Fed. R. Civ. P. 56(c)(1). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

## V.   DISCUSSION

Defendants challenge the sufficiency of the evidence to state a § 1983 claim of excessive force, arguing that the Troopers used reasonable force to remove Plaintiff from the vehicle and to arrest her and that those actions are shielded by qualified immunity. But Plaintiff concedes that those facts do not support her legal claim. Defendants' Motion, however, overlooks the threshold disputed issue—the sole issue—about whether Defendant Frey struck Plaintiff in the head four times after Plaintiff's car crashed into the highway median at the end of the pursuit. That is a disputed fact that the jury must decide.

### A.   Count I

In Count I of the Complaint, Plaintiff alleges that Trooper Frey used excessive force by "striking … and assaulting the plaintiff through the driver's side window[.]" Compl. ¶ 43. Because Supreme Court precedent precludes a claim of excessive force here under the Fourteenth Amendment,[4] as conceded by Plaintiff, see ECF 35 at 10, this Court will analyze Plaintiff's claim exclusively under the Fourth Amendment.

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

---

[4] Graham v. Connor, 490 U.S. 386, 394 (1989) ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment.").

### 1. Dashcam Footage

Here, the Court's analysis begins and ends with the threshold inquiry of whether Trooper Frey struck Plaintiff four or five times in the head after Plaintiff's car hit the median; in other words, whether Plaintiff has alleged a constitutional violation. The Court has reviewed the available dash cam video footage several times and the video is inconclusive.

### 2. Keyon Hernandez Testimony

If the video were Plaintiff's only evidence, her claim would not survive. However, Plaintiff also cites the deposition testimony of passenger Keyon Hernandez who testified that he observed Trooper Frey strike Plaintiff several times. See ECF 34 at ¶ 45; Hernandez Dep. Tr. 40:6–21, 44:18–21, 46:6–20, 47:13–16, 58:23–24, 60:18–22. To be sure, Hernandez's deposition testimony has serious internal inconsistencies and is countered by Troopers Fry, Gehman, and Provence who all testified that they never saw Trooper Frey assault Plaintiff. Fry Dep. Tr. 52:20-53:7; Gehman Dep. Tr. 610:13-18; Provence Dep. Tr. 744:24-745:11. But the Third Circuit has long held that "credibility determinations should not be made on summary judgment" and that "a jury will have to" weigh the competing testimony. Abraham v. Raso, 183 F.3d 279, 294 (3d Cir. 1999).[5]

In an opinion recently affirmed by the Third Circuit, Judge Wolson found that where the video of the incident "[wa]s not conclusive," the plaintiff's decedent "[wa]s not visible," and the video "is subject to interpretation," the court "must interpret it in the light most favorable to the

---

[5] The Court rejects Defendants' assertion that the video conclusively discredits Hernandez's deposition testimony. According to Defendants, Hernandez testified at his deposition that he saw Trooper Frey strike Plaintiff in the head through the rear window of Trooper Fry's vehicle, and the video shows Hernandez never once turned his head to look outside the vehicle. However, Trooper Provence's dash cam shows Troopers pulling Hernandez out of the car and onto the ground *after* Trooper Frey allegedly struck Plaintiff in the head, and therefore Hernandez would not have been in Trooper Fry's car yet at the time of the alleged assault.

This severely undermines Hernandez's credibility. Although the Court cannot grant summary judgment because there are some disputed facts, the evidence relied on by Plaintiff is questionable.

8

nonmoving party." Rush v. City of Philadelphia, No. 2:19-CV-00932-JDW, 2021 WL 308229 (E.D. Pa. Jan. 29, 2021), aff'd, 78 F.4th 610 (3d Cir. 2023). Such is the case here. Interpreting the facts and video in the light most favorable to Plaintiff, the Court must deny summary judgment.

### 3. The Disputed Fact is Material

Whether Trooper Frey struck Plaintiff in the head can affect the outcome of the case. Anderson, 477 U.S. at 248. A § 1983 claim for alleged Fourth Amendment violations requires "show[ing] that a 'seizure' occurred and that it was unreasonable. Abraham v. Raso, 183 F.3d 279, 288 (citing Brower v. Cnty. of Inyo, 489 U.S. 593, 599 (1989)). The Third Circuit has considered several factors in determining whether an officer's actions are reasonable, including (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." Santini v. Fuentes, 795 F.3d 410, 419 (3d Cir. 2015).

At the time Trooper Frey allegedly struck Plaintiff in the head, Plaintiff was unconscious. Plaintiff's car was wedged against the concrete median by Trooper Frey's car, mitigating any risk of further flight. And at that time, Plaintiff was only suspected of traffic violations and of possessing marijuana, which are nonviolent crimes. On these facts, a jury could find Trooper Frey's alleged use of force in striking Plaintiff to be unreasonable.

### B. Counts II, III, and IV

Plaintiff concedes that Counts II-IV should be dismissed.[6] Accordingly, the Court will **GRANT** Defendants' Summary Judgement Motion as to Counts II, III, and IV.

---

[6] Defendants assert that Count IV was already dismissed by stipulation, but the stipulation at ECF 16 which the Court approved expressly provides for the withdrawal of "the claim of conspiracy" only from Count IV and does not mention the claim for failure to intervene. However, Plaintiff concedes that the entirety of Count IV should be dismissed. See ECF 37 at 1 ("Pursuant to the Plaintiff's response to the Defendants' Motion for Summary Judgement, one claim, Count 1 of the complaint, remains against the Defendant, Trooper Kyle Frey.").

VI.     **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**.  The Court will **GRANT** summary judgment as to Counts II, III, and IV.  The Court will also **GRANT** summary judgment as to Count I's claim of excessive force in violation of the Fourteenth Amendment.  Summary judgment will be **DENIED** as to Count I's allegation of excessive force in violation of the Fourth Amendment against Trooper Kyle Frey.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 23\23-4268 Brown v Frey\23cv4268 Memo re Summary Judgment.docx